UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
RICARDO FLEURIMOND,

                Plaintiff,                         **TRANSFER ORDER**
                                                           24-CV-04718 (NRM) (TAM)

    -against-

FIDELITY INVESTMENTS; CHIEF FINANCIAL
OFFICER MARGARET SERRAVALLI; Agents,
Successors and Assigns,

                Defendants.
---------------------------------------------------------------x
NINA R. MORRISON, United States District Judge.

      *Pro se* plaintiff Ricardo Fleurimond, who resides in Brooklyn, New York, brings this action under the Court's federal question jurisdiction, 28 U.S.C. § 1331, and diversity of citizenship jurisdiction, 28 U.S.C. § 1332, against defendants Fidelity Investments and Margaret Serravalli, the Chief Financial Officer of Fidelity Investments, whom plaintiff asserts are located in Cincinnati, Ohio, in Hamilton County. Plaintiff alleges, *inter alia*, that defendants violated the Truth in Lending Act, 15 U.S.C. § 1601, based on an alleged breach of contract arising from Plaintiff's attempt to create a trust account with Fidelity Investments. Plaintiff seeks monetary damages.

      Without offering any opinion on the merits of the underlying claim, the action is transferred to the United States District Court for the Southern District of Ohio, the Western Division. 28 U.S.C. § 115 (b)(1).

## **DISCUSSION**

      Under 28 U.S.C. § 1391, a civil action may be brought in:

1

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Even if a case is filed in a jurisdiction where venue may be proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *see Corley v. United States*, 11 F.4th 79, 89–90 (2d Cir. 2021) (affirming *sua sponte* transfer of case).  In determining whether transfer is appropriate, courts consider the following factors:

> (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances.

*Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459–60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under 28 U.S.C. § 1404(a), transfer is appropriate.  Plaintiff alleges that the investment fund and its Chief Financial Officer are both located in Cincinnati, Ohio. According to the exhibits that plaintiff attaches to his complaint, he has contacted

defendants via certified mail in Cincinnati. It appears from the complaint that witnesses and exhibits relating to Plaintiff's claims may be in Ohio, which appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Southern District of Ohio, the Western Division. *See* 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is respectfully directed to transfer this action to the United States District Court for the Southern District of Ohio, Western Division. 28 U.S.C. §§ 1391(b); 1406(a). A decision on plaintiff's request to proceed *in forma pauperis* ("IFP") is reserved for the transferee court. The provision of Rule 83.1 of the Local Rules of the Eastern District of New York, which requires a seven-day delay, is waived. This Order closes this action in this Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S.438, 444–45 (1962)

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: April 15, 2025
      Brooklyn, New York

3